MARGARET KENNEDY, ET AL., RESPONDENTS *v.*
THE OREGON SHORT LINE RAILWAY COM-
PANY, APPELLANT.

AMOUNT OF DAMAGES A FACT FOR THE JURY—REDUCTION OF VER-
DICT BY TRIAL COURT—APPOINTMENT OF JURY COMMISSIONERS—
DIRECTORY STATUTE—CHAMPERTOUS CONTRACT—VALIDITY.

1. *Damages Alleged Excessive—Conflicting Evidence—Verdict Not
Reviewable.*

The amount of damages is a fact to be found by the jury, and
if there be any evidence to support the verdict, the court is
not at liberty, under the constitution of this State, to set it
aside.

2. *Reduction of Verdict a Condition of Refusing New Trial—Dis-
cretionary.*

The exaction, as a condition of refusing a new trial, that the
plaintiff should remit a portion of the amount awarded by the
verdict, is a matter within the discretion of the trial court.
If the rule is ever to be disturbed, it should be on the applica-
tion of the parties injured and not at the request of those
benefited.

3. *Jury Commissioners—Time of Selection—Directory Statute.*

The provisions of Secs. 1302, 1306, Rev. Stats. 1898, fixing the
time for the appointment of the jury commissioners and the
selecting of the list of jurors by such commissioners, are
directory merely; and an objection to the panel on the
ground that the commissioners were appointed and made
their selections after Jan. 1, 1898, was properly overruled.

4. *Statute Imposing Duty on Public Officer and Fixing Time is
Generally Directory.*

It is held to be a general rule that where a statute imposes upon
public officers the duty of performing some act in which the
public is interested, and fixes the time for doing such act, the
requirement as to time is to be regarded as directory, and not

a limitation of the exercise of the power granted, unless the statute contains negative words denying the exercise of the power after the time named; or from the character of the act directed to be performed, the manner and mode of its performance, or its effect upon public interests or private rights, it must be presumed that the legislature had in contemplation that the act had better not be performed at all than to be performed at any other time than that named in the statute.

5. *Champertous Contract—Attorney and Client—Validity.*
The common law rule as to champertous contracts was modified by Sec. 3683, C. L. U. 1888. See the case of *Croco* v. *O. S. L. Ry. Co.*, 18 Utah 311; 54 Pac. ———

(Decided November 12, 1898.)

Appeal from the District Court of Weber County, Hon. H. H. Rolapp, *Judge.*

Action by plaintiffs as widow, and children and heirs at law, by their guardian, against the Short Line Railway Co. for damages for the death of one Patrick Kennedy, husband and father. From a judgment for plaintiffs defendant appeals. *Affirmed.*

*Parley L. Williams, Esq.*, for appellant.

In this case the damages given by the jury are excessive and appear to have been given under the influence of passion or prejudice.

Verdicts in Utah as well as in many other portions of the country are notoriously much larger upon the average, in suits of this nature brought against railroad and other corporations supposed to be possessed of large wealth than under other circumstances. This tendency should be restrained.

As said by Judge Breese in 52 Illinois, 347, in the case

of *Walker* v. *Martin*, "If excessive verdicts are sustained, juries will be regarded as instruments of oppression rather than a bulwark of our liberties." See also *City of Decatur* v. *Fisher*, 63 Ills. 407; *New Orleans, etc.* v. *Statham*, 42 Miss. 687.

Judge Sutherland in his work on Damages, Vol. 1, 2d edition, Sec. 460, discusses the practice of cutting down verdicts where they are found to be excessive, and says: "There is an apparent departure from sound principle in this practice. The court concludes that the jury were influenced by passion or prejudice, or both, because they found such excessive damages, and yet allows that finding, covering the major propositions of the case upon which damages are consequent, to stand. Why should a verdict be in part retained if the jury were really influenced by passion or prejudice? Where their estimate of damages is rejected, and another substituted, is the latter a verdict?" *Savannah, etc. Ry. Co.* v. *Harper*, 70 Ga. 119; *Carlisle* v. *Callahan*, 78 Ga. 320; *Mayer* v. *Sykes*, 94 Ga. 30; Same Case, 47 Am. State Rep. 132; *Atchison, T. & S. F. R. Co.* v. *Cone*, Kansas, 15 Pac. 499.

The error alleged by appellant in refusing to instruct the jury as requested by defendant, presents the same question as that discussed in the case of *Croco* v. *Oregon Short Line Ry. Co.*, 18 Utah, 311, where authorities are cited and the question discussed.

*David Evans, Esq., A. G. Horn, Esq.,* and *L. R. Rogers, Esq.,* for respondent.

In so far as to the question as to whether or not the verdict is excessive, we claim that the same is a question of fact and as has been repeatedly held, will not be reviewed on appeal. *Nelson* v. *S. P. Ry. Co.*, 15 Utah, 325;

*Mangum* v. *Mining Co.*, 15 Utah, 537. See also authorities cited in *Croco* v. *Oregon Short Line Ry. Co.*, 18 Utah, 311.

The contention of appellant that the court erred in refusing to instruct the jury as requested by defendant involves the request of defendant to return a verdict in its favor by reason of a so-called champertous agreement entered into between plaintiffs and their attorneys. This proposition was fully discussed in *Croco* v. *Oregon Short Line Ry. Co.*, 18 Utah, 311.

MINER, J.

This action was brought by the widow and children of Patrick Kennedy, deceased, against the defendant, for negligently causing the death of the said Patrick Kennedy while he was a passenger on the defendant's road. The cause was tried and a verdict rendered in favor of the plaintiff on January 27th, 1898, for the sum of $9,685. A motion for a new trial was made upon the minutes of the court based upon statutory grounds, and a claim of excessive damages. Thereupon the court held that the damages as found by the jury were excessive, and that a new trial should be granted unless the plaintiffs should remit so much thereof as would reduce the sum to $7,085. The remission was made by the plaintiffs' attorneys, and thereupon the court overruled the defendant's motion for a new trial, and a judgment was entered for the sum of $7,085. The appellant contends that the judgment is still grossly excessive and unreasonable, and that the judgment recovered is not based on a verdict of a trial by jury.

1st. In this case we are of the opinion that there is evidence to support the judgment. In so far as the ob-

jection relates to the excessive damages we must decline to discuss the question. In such cases this court has repeatedly held that the amount of damages is a question of fact to be found by the jury, from all the evidence in the case, and that if there be evidence to support the verdict this court is not at liberty, under the constitution of this State, to review alleged errors, but will consider the evidence only so far as will be necessary to determine the question of law. *Nelson* v. *So. Pac. Ry. Co.*, 15 Utah, 328; *Croco* v. *Oregon Short Line Ry. Co.,* decided at the Sept. term, 1898, 54 Pac. Rep. ——, 18 Utah, 311, and cases cited.

2d. It is also contended that the action of the trial court in holding that unless the plaintiffs consented to a reduction of the verdict in this case to the sum of $7085, a new trial would be granted, and that although the plaintiffs consented to such reduction, the action of the trial court was without jurisdiction, and that if the verdict of the jury was wrong for the excess, the whole verdict and judgment as rendered was erroneous and tainted in the same manner.

This question was before the Territorial Supreme Court, and was decided against the contention of the appellant. The court said: "The practice which was pursued in this case is thoroughly established by precedent. 1st. Sutherland on Damages, 813, 815, and cases cited. It is a supervision which courts exercise over verdicts for the protection of defendants, in what are deemed proper cases, and if the rule is ever to be disturbed, it should be on the application of parties injured, and not those who are benefited by it." *Reddon* v. *Railway Co.*, 5 Utah, 344; *Riley* v. *Rapid Transit Co.*, 10 Utah, 441.

In *Northern Pacific R. R. Co.* v. *Herbert*, 116 U. S. 642, the court held:

"The exaction, as a condition of refusing a new trial, that the plaintiff should remit a portion of the amount awarded by the verdict was a matter within the discretion of the court. It held that the amount found was excessive, but that no error had been committed on the trial. In requiring the remission of what was deemed excessive it did nothing more than require the relinquishment of so much of the damages as, in its opinion, the jury had improperly awarded. The corrected verdict could, therefore, be properly allowed to stand." *Hayden* v. *The Florence Sewing Mach. Co.*, 54 N. Y. 221; *Doyle* v. *Dixon*, 97 Mass. 208; *Blunt* v. *Little*, 3 Mason, 102.

The great weight of authority sustains the ruling made, and that such action on the part of the trial court is within its powers and discretion. *Kennon* v. *Gilmer*, 131 U. S. 22; *Kinsley* v. *Wallace*, 36 Cal. 462; *English* v. *So. Pac. R'y. Co.*, 13 Utah, 407.

3d. After the jury were called, and before they were sworn on their *voir dire*, the defendant challenged the panel on the ground that the jury were selected from a list made by the jury commissioners appointed by order of the court on the 3d day of January, 1898, and that the list was drawn in court on the 4th day of January, 1898, and the names of the present panel were drawn from the jury box from that list so chosen by the jury commissioners. The challenge to the panel was overruled, to which ruling exception was taken by the defendant. Sec. 1302, Rev. Stat. Utah, 1898, reads as follows:

"The judge or judges of the district court of each county shall, prior to December first of each calendar year, appoint for the next calendar year two persons as jury commissioners, who shall be voters of the county, well known to be of opposite politics and of good character for intelligence, morality, and integrity."

Sec. 1306, Id. reads:

It shall be the duty of the jury commissioners, before the fifteenth day of December, after their appointment, to select from the names of the legal voters on the assessment roll of the county for the current year, a written list of names from which the grand and petit jurors shall be drawn to serve in the district court of such county during the succeeding calendar year." * * *

The law existing on the 25th day of January, 1898, at the time this trial was commenced, with reference to preparing the list from which jurors were to be drawn, went into effect on the 1st day of January, 1898, two days before the appointment of the jury commissioners. Rev. Stat. 1898, Sec. 2479.

The question to be determined is, did the court have power to appoint jury commissioners to select jurors, under an order made on January 3, 1898, and whether the time designated by statute for the appointment of jury commissioners is mandatory or directory?

It is held to be a general rule that where a statute imposes upon public officers the duty of performing some act in which the public is interested, and fixes the time for doing such act, the requirement as to time is to be regarded as directory, and not a limitation of the exercise of the power granted, unless the statute contains negative words denying the exercise of the power after the time named; or from the character of the act directed to be performed, the manner and mode of its performance, or its effect upon public interests or private rights, it must be presumed that the legislature had in contemplation that the act had better not be performed at all than to be performed at any other time than that named in the statute.

In *Pond* v. *Negus*, 3 Mass. 230, the question involved

was the validity of the assessment of a tax voted by a school district. The statute required the assessors to assess the tax in thirty days from the time the vote was certified to them. It was not assessed until after that time. Parsons, C. J., in delivering the opinion of the court says: "And although the assessors are directed to assess the tax within thirty days after the certificate, yet there are no negative words restraining them from making the assessment afterwards; and accidents might happen which would defeat the authority if it could not be exercised after the expiration of thirty days. The naming the time for the assessment must therefore be considered as directory to the assessors and not as a limitation of their authority."

The same principle is affirmed in *Torrey* v. *Millbury*, 21 Pick. 64.

In *The People* v. *Allen*, 6 Wend. 486, the statute under consideration declared that, "the commanding officer of each brigade of infantry shall, on or before the first day of June in each year, appoint a brigade court martial." The appointment was made in July. It was held valid. Marcy, J., in delivering the opinion of the court says: "The general rule is, that where a statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered as directory merely, unless the nature of the act to be performed or the language used by the legislature, show that the designation of the time was intended as a limitation of the power of the officer. * * * So it may be said of this case, that as there is nothing in the nature of the power showing that it might not be as effectually exercised after the first day of June as before, and as the act giving it contains no prohibition to exercise it after that period, the naming that day was a

mere direction to the officer in relation to the manner of executing his duty. There is nothing in the nature of the power given, or in the manner of giving it, that justifies the inference that the time was mentioned as a limitation." This rule of construction has been approved in New York in the following cases: *Marchant* v. *Langworthy*, 6 Hill, 646; *Striker* v. *Kelley*, 7 Hill, 9; *People* v. *Cook*, 8 N. Y. 67; *Cunningham* v. *Cassidy*, 17 N Y. 276.

In *Colt* v. *Ives*, 12 Conn. 243, the question before the court was the legality of the selection of the jury. The statute required that they should be chosen on the first Monday of July. They were not chosen till the 8th of August. The court held that the duty which was imposed to select the jury was imperative; but that the time fixed for the selection was directory; and that the selection was valid. In discussing the question the court say: "Where the object contemplated by the legislature could not be carried into effect by another construction, there the time prescribed must be considered as imperative. But where there is nothing indicating that the exact time was essential it should be considered as directory. There is nothing in the nature of the power given, or in the manner of giving it, that justifies the inference that the time was intended as a limitation."

In *Johnson* v. *State*, 33 Miss. 363, the statute under consideration required that grand jurors "shall be summoned at least five days before the first day of the court at which their attendance is required." It was held to be directory to the sheriff, and that grand jurors summoned less than five days before the first day of the court were legally qualified.

In *State* v. *Lean*, 9 Wis. 279, the court declare the rule of construction as follows:

"When there is no substantial reason why the thing to

be done might not as well be done after the time prescribed as before; no presumption that by allowing it to be so done it may work an injury or wrong; nothing in the act itself, or in other acts relating to the same subject matter, indicating that the legislature did not intend that it should rather be done after the time prescribed than not be done at all, then the courts assume that the intent was, that, if not done within the time prescribed it might be done afterwards."

In Illinois, the same principle is affirmed, in the case of *Wheeler* v. *Chicago*, 24 Ill. 108

Judge Sutherland, in his work on Statutory Construction, says:

"Provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory. Though a statute directs a thing to be done at a particular time, it does not necessarily follow that it may not be done afterwards. In other words, as the cases universally hold, a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer." * * * The time of summoning jurors, except so far as their own convenience is concerned, is quite an immaterial thing which could in no wise affect their official acts. And so of other departures from the letter of statutes relating to obtaining jurors. It is so of the requirement that defendant in replevin be summoned to appear at the next term." * * *

In *Iowa* v. *Carney*, 20 Iowa, 82, it is held that the statute in regard to the mode of obtaining jurors is directory, and a substantial requirement with its provisions is all that is required.

In *Missouri* v. *Pitts*, 58 Mo. 556, it is held that the legislature requiring the county court to summon the regular panel of jurors thirty days before the regular term of the circuit court is merely directory.

The statute in question did not take effect until January 1st, 1898. It cannot be presumed that the legislature intended that the jury commissioners should be appointed, qualify, and make lists of jurors, under the statute, until the statute took effect. The legislature may have intended that the jury should be selected for the trial of cases in the year 1898, in the manner provided by the statute. There is nothing in the nature of the duty to be performed or manner of its performance, or its effect upon public interest or private rights, showing an intent upon the part of the legislature that if the duty was not performed within the time prescribed, it should not be performed at all. The statute does not contain any negative words denying the exercise of power after the time named. Neither the nature of the act to be performed, nor the language used by the legislature show that the designation of the time was necessarily intended as prescribing a limitation of the power of the officer to the prescribed time fixed by the statute.

There is nothing in the nature of the power showing that it might not be as effectually exercised for the public good and convenience on the 3d day of January, as on the 15th day of December. By such exercise of the power all the rights of the public could be protected without derangement or injury to the public or private interests. As the statute contains no probibition to exercise the right after January 1st, the naming of a particular day for its exercise was a mere direction to the officer in relation to the manner of exercising his duty, as said in *People* v. *Allen, supra*, there is nothing in the nature of

the power, or in the manner of giving it, that justifies the inference that time was material as a limitation. The duty imposed by the statute upon the court to appoint jury commissioners at a specified time was one of public importance, and its performance was essential to a prompt and impartial administration of justice in the county of Weber. If the provisions of the statute as to time were mandatory and the court or commissioners failed to act within the time, then there could be no legal jury for the year, and public interest and property rights would necessarily suffer. It cannot be presumed that the legislature intended that no jury trial in the district court should be had within the county of Weber for the year 1898, or that if the commissioners failed to act within the prescribed time no court should be held in the county.

Suppose it were a fact that the court and the jury commissioners neglected their duty under the statute intentionally, would not a mandamus lie to compel them to do their duty; and would they be heard to answer that the time had elapsed under the statute for the performance of that duty? Could the court or jury commissioners, either by negligence or design, deprive the people of Weber county of the right to have court held within the county? The constitution grants the right of trial by jury to every citizen. This right is incident to the privileges conferred by law, and is necessary for a legal and proper administration of justice.

In our opinion the administration of justice in the several counties is not to be defeated by omissions of the kind set forth in the challenge to the panel; and we hold that the time fixed for the appointment of jury commissioners, and the selecting of the list of jurors by such commissioners, is directory merely, and that the objection made to the panel should not prevail. To hold otherwise

would be to hold that if by accident the court failed to appoint jury commissioners, or the jury commissioners failed to select the list of names within the time and manner provided by the statute, the wheels of justice would have to stand still, and the court be prevented from transacting its duties respecting crimes and criminals, simply because an officer failed to do his duty. *State* v. *Pitts*, 58 Mo. 557; *Reeves* v. *State*, 29 Fla. 529; *Colt* v. *Evans*, 12 Conn. 242; *Burlingame* v. *Burlingame*, 18 Wis. 300; *Mills* v. *Johnson*, 17 Iowa, 598; *Thomas* v. *People*, 39 Mich. 311; *State* v. *Smith*, 67 Me. 332; *McGee* v. *Commissioners*, 46 Pa. St. 364; *Wheeler* v. *Chicago*, 24 Ill. 104; 12 Enc. of Pl. & Pr. 301; *Daughdrill* v. *State*, 21 So. Rep. 378; Black on Int. of Laws, Sec. 336, 343–4; *State* v. *Raymond*, 11 Nev. 98; Thompson on Trials, Secs. 13, 34; *People* v. *Wallace*, 101 Cal. 281.

4th. The next exception taken on the part of the appellant relates to the refusal of the court to instruct the jury with reference to the champertous contract between the plaintiffs and their attorneys. This precise question was before this court, and passed upon adversely to the appellant, in the case of *Croco* v. *The Oregon Short Line Ry. Co.*, *supra*. The decision of this question in that case is decisive of this question here.

Upon the whole record we find no reversible error. The judgment of the district court is affirmed, with costs.

ZANE, C. J. and BARTCH J., concur.