GEORGE BRAEGGER, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

No. 1341.   (68 Pac. 140.)

1. **Master and Servant: Injuries to Servant: Liability of Master: Fellow-Servant: Instructions.**

An instruction in an action by a servant for injuries caused by the negligence of other servants, which states that the statute defines fellow-servants as all persons engaged in the employer's service who, while so engaged, are in the same grade of service, and working together at the same time and place for a common purpose, neither being intrusted with any superintendence or control over the others, and that plaintiff can not recover if the jury finds that plaintiff was injured through the negligence of a fellow-servant, is a sufficient instruction as to the doctrine of fellow-servants' negligence, as the question whether servants are fellow-servants is for the jury.

2. **Same.**

In an action by a servant for injuries caused by the negligence of other servants, in which the question whether the latter are fellow-servants is in issue, instructions that the burden is on plaintiff to show that the defendant or its servants were guilty of negligence causing the injury, and that plaintiff should recover if his injury was caused directly by the negligence of defendant's servants without any negligence on his part, are erroneous in not stating that the servants for whose negligence the defendant is liable must be other than fellow-servants.

3. **Same: Erroneous Charge: Must be Excepted to: Sufficiency of Record.**

Where no exception to an erroneous charge is shown by the record on appeal, and error in giving such charge is not assigned, the judgment will not be reversed on that account.

4. **Same: Excessive Damages: Not Disturbed on Appeal.**
A judgment in favor of a servant against his master for injuries
will not be reversed if sustained by the evidence, merely because
the damages are excessive, the question of the amount of dam-
ages, under the Constitution, being entirely for the jury.[1]

(Decided March 11, 1902.)

Appeal from the First District Court, Box Elder County.—
*Hon. C. H. Hart,* Judge.

Action to recover damages for personal injuries alleged
to have been occasioned through the negligence of the de-
fendant.   From a judgment in favor of the plaintiff, the de-
fendant appealed.

AFFIRMED.

*P. L. Williams, Esq., Geo. H. Smith, Esq.,* and *J. W.
N. Whitecotton, Esq.,* for appellant.

The question whether the relation of fellow-servants ex-
ists in a given case, is one of fact for the jury.   Hass v. Phila.,
etc., S. S. Co., 88 Pa. St. 269; Holton v. Daly, 4. Ill. App.
25; Chamberlain v. R. R. Co., 11 Wis. 238; Ryan v. Cum-
berland Valley R. R. Co., 23 Pa. St. 384; Indianapolis & St.
Louis R. R. Co., etc., v. Morganstern, 106 Ills. 216; Chicago,
etc., R. R. Co. v. Moranda, 93 Ills. 302.

*James S. Perry, Esq., Ricy H. Jones, Esq.,* and *Lindsay
R. Rogers, Esq.,* for respondent.

We make the point that the statute itself (sec. 1343, R.
S.) clearly says that these two employees were not fellow-ser-

---

[1]Kennedy v. Railroad Co., 18 Utah 325, 54 Pac. 988; Croco v. Rail-
road Co., 18 Utah 311, 54 Pac. 985, 44 L. R. A. 285; Nelson v. Southern
Pac. Co., 15 Utah 325, 44 Pac. 644; Mangum v. Mining Co., 15 Utah 534,
50 Pac. 834.

vants, because (1) they were engaged in other and different departments of service; (2) they were not working together at the same time and place and to a common purpose.

Independent of the statute (sec. 1343, R. S., which was enacted in this State in 1896) the uniform decisions of this court are strongly against and conclusive of appellant's contention. Pool v. S. P. Co., 20 Utah 210; Daniels v. Railway Co., 6 Id. 357; Webb v. Railway Co., 7 Id. 363.

Our fellow-servant statute is similar to the statute of the State of Texas. Gulf, etc., R'y Co. v. Warner (Tex.), 35 S. W. 364; Houston & T. C. R. Co. v. Talley, 39 S. W. 206; Chicago & N. W. R. Co. v. Moranda, 93 Ills. 302, S. C., 34 Am. Rep. 168. (Fireman and section hand, held—not fellow-servants); C. R. I. & P. R. Co. v. Henry, 7 Bradw. 322. (Loader of freight car and switch tender, held—not fellow-servants); C. & N. W. R. Co. v. Swett, 45 Ills. 197. (Fireman and track repairer, held—not fellow-servants); St. Louis & San Francisco Ry. Co. v. Weaver, 35 Kansas 412, s. c., 57 Am. Rep. 176. (Section foreman and engineer, held—not fellow-servants); Louisville, etc., R. Co. v. Collins, 2 Duv. (Ky.) 114, s. c., 87 Am. Dec. 486. (Laborer unloading cars, and engineer, held—not fellow-servants); Gillenwater v. Madison, etc., R. Co., 5 Ind. 339 (carpenter working on railroad bridge, and engineer, held—not fellow-servants); Hobson v. New Mexico & A. R. Co. (Ariz.), 28 Am. and Eng. R. R. Cas. 360 (teamster hauling ties for construction of railroad, and engineer of train, held—not fellow-servants); Toledo, etc., R. Co. v. O'Connor, 77 Ill. 391; Chicago and A. R. Co. v. Kelly, 21 N. E. Rep. 203 (track laborer and engineer, held—not fellow-servants).

The assignment of error, "That the verdict appears to be excessive, and given under the influence of passion or prejudice," will not under the Constitution of this State be reviewed by this court because the amount of the damages is a fact found by the jury. Nelson v. S. P. Co., 15 Utah 325;

Mangum v. Mining Co., 15 Id. 537; Walley v. Bank, 14 Id. 313; Kennedy v. Oregon Short Line R. Co., 18 Id. 325.

BARTCH, J.—This action was brought to recover damages for personal injuries alleged to have been occasioned through the negligence of the defendant. It appears from the evidence that the plaintiff was employed as section hand in the track department; that at the time of the injury he was, by direction of the section foreman, in a box car, unloading culverts and ties from the car, which was standing on a sidetrack; and that the injury was caused by the engineer of a freight train running some cars in on the side track against the box car. The engineer was employed in the mechanical department. It appears the box car was moved several times while being unloaded, and the section foreman testified that he gave the order to the brakeman, who was right there, and signaled the engineer to move the cars back at the time of the accident, and that just before giving such order he told the plaintiff and other workmen to cease throwing out ties, and warned them to look out; that the train was coming. The plaintiff testified, in substance, that he saw no brakeman there, nor heard any such order or warning given by the foreman at that time, but that such order and warning were given the first time the car was moved; and that, after the car was moved the first time, the foreman did not come near the car, nor say anything about moving it, nor that the train was coming in, nor that no more ties should be thrown out. Upon the case being submitted to the jury, a verdict in the sum of $2,500 was returned in favor of the plaintiff. Judgment having been entered thereon, the defendant appealed.

It is urged by the appellant that the court erred in refusing to charge the jury as requested by defendant's request No. 4. The request reads: "I charge you that if you find, from the evidence in this case, that at the time of the injury complained of, if you find that the plaintiff was

injured, the engineer was moving the box cars containing ties which the plaintiff was unloading, and was moving them under the direction of the section foreman, whether that direction was communicated to him by the foreman directly or through others, and that the moving of said cars was a part of the work of unloading the said ties, then and in that case the engineer and the plaintiff would be fellow-servants, and the plaintiff can not recover, and your verdict should be for the defendant." On the question of fellow-servants the court instructed the jury as follows: "You are instructed that the plaintiff can not recover in this action for any injury caused by the negligence of a fellow-servant of the plaintiff. Our statute defines who are vice-principals, not fellow-servants, as follows (Rev. St., sec. 1342): 'All persons engaged in the service of any person, firm, or corporation, foreign or domestic, doing business in this State, who are entrusted by such person, firm, or corporation as employer with the authority of superintendence, control, or command of other persons in the employ or service of such employer, or with the authority to direct any other employee in the performance of any duties of such employee, are vice-principals of such employer and are not fellow-servants.' Our statute defines who are fellow-servants as follows: 'All persons who are engaged in the service of such employer, and who, while so engaged, are in the same grade of service and are working together at the same time and place and to a common purpose, neither of such persons being entrusted by such employer with any superintendence or control over his fellow-employees are fellow-servants with each other; *provided,* that nothing herein contained shall be so construed as to make the employees of such employer fellow-servants with other employees engaged in any other department of service of such employer. Employees who do not come within the provisions of this section shall not be considered fellow-servants.' If, therefore, you find from the evidence that plaintiff's injuries, if any, were caused by

the negligence of a fellow-servant of his, as above defined to you, plaintiff can not recover, and your verdict should be, 'No cause of action.'" Counsel for the appellant, in their brief, say, "The question whether the relation of fellow-servant exists in a given case is one of fact for the jury," citing authorities to sustain this proposition, and counsel for the respondent agree with them on this point. Doubtless the question whether two or more servants, working for the same master, are fellow-servants, usually depends upon a variety of facts and is therefore a question of fact. The definition of fellow-servants, however, may be a question of law for the court, but it is a question of fact, to be determined from the proof, whether the case is such as to fall within the definition. Railroad Co. v. Morgenstern, 106 Ill. 216; Hass v. Steamship Co., 88 Pa. 269, 32 Am. Rep. 462; Railroad Co. v. Kelly (Ill.), 21 N. E. 203; Holton v. Daly, 4 Ill. App. 25. In the case at bar the court stated the definition of fellow-servants in the language of the statute, and submitted the question whether, under the facts and circumstances in evidence, the relation of fellow-servants existed, to the jury. This was proper, and we are of the opinion that the portion of the charge above quoted was sufficient on this subject, and that, therefore, the further instruction requested by the defendant was properly refused.

While, however, the instructions as to fellow-servants were sufficient, and the action of the court in that regard must be sustained, we do not think the entire charge free from objection. In another portion it was stated to the jury as follows: "The burden is upon the plaintiff to show by a preponderance of the evidence that the defendant, or its servants, was guilty of negligence, and that that negligence caused the injury." The word "servants" is a general term, and includes all employees—fellow-servants as well as those who are not fellow-servants—and, therefore, its use, without any limitation, as in the above quotation, might lead

a jury to conclude that the plaintiff had made out his case by showing that any servant, whether a fellow-servant or not, had been guilty of negligence which caused the injury. Again, the court charged the jury: "If you believe from the evidence that the injury complained of was caused directly by the negligence of defendant's servants, as charged in the complaint, and without negligence on the part of the plaintiff which contributed to his injury, the plaintiff is entitled to recover." The complaint to which reference is here made charges "that at said time and place other servants of the defendant, to-wit, the engineer and fireman, and others unknown to plaintiff, so negligently and carelessly managed" one of the defendant's engines, etc., and thereby caused the injury. According to this instruction the plaintiff was entitled to recover even if the negligence of a fellow-servant caused the injury, if the plaintiff himself was without negligence. It is needless to say that such is not the law. Notwithstanding these objectionable statements to the jury, however, we are powerless to take any further notice than to call attention to them so that such loose expressions may be avoided by the court in the trial of similar cases, because, as appears from the record, no exceptions were taken to them at the trial by appellant's attorneys, and no assignment of error was predicated upon them.

The appellant complains that the verdict appears to be excessive, and given under the influence of passion or prejudice, and is not justified by the evidence. The answer to this is that under our Constitution the amount of the verdict is a matter entirely within the province of the trial court and jury, the same being a question of fact. If there is any evidence to support the verdict, this court has no power to pass upon it, or to set the verdict aside as being excessive. Kennedy v. Railroad Co., 18 Utah 325, 54 Pac. 988; Croco v. Same, 18 Utah 311, 54 Pac. 985, 44 L. R. A.

285; Nelson v. Southern Pac. Co., 15 Utah 325, 49 Pac. 644; Mangum v. Mining Co., 15 Utah 534, 50 Pac. 834.

The judgment is affirmed, with costs.

MINER, C. J., and BASKIN, J., concur.