AGNES H. BURT, Respondent, v. THE UTAH LIGHT & POWER COMPANY, a Corporation, Appellant.

### No. 1894.   (72 Pac. 497.)

1. **Highways: Injuries: Allowing Water to Overflow and Form Ice: Appeal: Questions of Law: Evidence.**
   Under Constitution, article 8, section 9, declaring that in cases at law the appeal to the Supreme Court shall be on questions of law alone, the Supreme Court on appeal can not examine the evidence in an action at law to determine on which side it preponderates, where there is competent evidence to sustain the verdict.[1]

2. **Same: Excessive Damages.**
   The court can not review the evidence to determine whether the damages are excessive.[1]

3. **Same: Assignments of Error: When Considered on Appeal: Exceptions.**
   Assignments of error in the refusal of instructions and in the giving of others will not be considered on appeal where the record fails to show that exceptions were taken.

4. **Same: Evidence: Prior Conditions of Highway: Admissible to Show Notice.**
   In an action for causing the death of plaintiff's son, and injury to her property, by reason of a defective highway caused by water escaping from defendant's water-pipe line and flowing on the

---

[1] Anderson v. Min. Co., 15 Utah 22; 49 Pac. 126; Nelson v. So Pac. Co., 15 Utah 328; 49 Pac. 644; Mangum v. Bullion, etc., Min. Co., 15 Utah 534; 50 Pac. 834; Whittaker v. Ferguson, 16 Utah 240; 51 Pac. 980; Murray v. Salt Lake City R. Co., 16 Utah 356; 52 Pac. 596; Wild v. Union Pac. R. Co., 23 Utah 265; 63 Pac. 886; Kennedy v. Railroad Co., 18 Utah 325; 54 Pac. 988; Croco v. Railroad Co., 18 Utah 311; 54 Pac. 985; 44 L. R. A. 285; Braegger v. Oregon Short Line R. Co., 24 Utah 391; 68 Pac. 140.

highway, and forming ice, evidence as to the condition of the highway at the place of the accident a week or ten days prior thereto was admissible, as showing time and opportunity to defendant to discover and remedy the defect.

5. **Same: Evidence: Condition of Highway on Day After Accident.**

The admission of evidence as to the condition of the road in question on the day after the accident was not reversible error where there was evidence that the conditions were the same on the day of the accident as the day after.

6. **Same: Evidence.**

Evidence of defendant's effort after discovering the break in the pipe to check it, together with the difficulties of the original construction and the skill required therefor, was inadmissible.

7. **Same: Evidence: Condition of Highway at Other Places: Exclusion not Error.**

The exclusion of evidence as to the condition of the highway before and after the accident at other places than in the vicinity of the accident was not prejudicial to the defendant.

8. **Same: Evidence: Agreement With County Commissioners: Exclusion not Error.**

The exclusion of evidence of the arrangement made between defendant and the county commissioners having control of the highway as to the care of the highway was proper, the commissioners having no right to authorize the existence of a nuisance thereon.

### (Decided May 20, 1903.)

Appeal from the Second District Court, Weber County. —*Hon. H. H. Rolapp,* Judge.

Action to recover damages for the death of plaintiff's son, alleged to have been occasioned by the negligence of the defendant company and also on an assigned cause of action for injury at the same time to a span of horses, harness, sled, hayrack and hay. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*Le Grand Young, Esq.,* for appellant.

*C. C. Richards, Esq., E. M. Allison, Jr., Esq.,* and *A. E. Pratt, Esq.,* for respondent.

### STATEMENT OF FACTS.

This action was brought by plaintiff for the death of her son, aged about fifteen years, and also upon an assigned cause of action for injury at the same time to a span of horses, harness, sled, hayrack, and hay. The verdict was for $1,775 for the death of the boy, and $75 for injury to the personal property. After motion for a new trial made and overruled, defendant appeals to this court, assigning various errors; among the same being excessive damages, insufficiency of the evidence to justify the verdict, and errors of law occurring at the trial. The injury occurred near the mouth of Ogden Canon on the 8th of February, 1901, by the capsizing of a load of hay driven by one Jos. Bingham, and upon which plaintiff's son, Thomas Brinker, was riding by permission of the driver. The evidence is somewhat conflicting on some material points, but there is evidence in the record supporting the following facts: That defendant company has a waterpipe line or tunnel conduit, six feet in diameter, situated on the steep side hill, some 400 or 500 feet above the county highway at the place of the accident. About January 13, 1901, a break or rift in the conduit permitted about one-fourth of the water flowing in the pipe to escape and flow to the county road and river below. Subsequently part of this flow was checked, but at the time of the accident, and for several days prior thereto, "quite a stream" was still escaping, and part of this was flowing upon and across the highway at the place where the accident occurred. It was cold, freezing weather, and six or eight inches of ice formed upon the road, which was slightly sloping towards the river and quite narrow at this place. Under the direction of a county commissioner, a small ditch was cut in the ice across the road, and at right angles to it, and sand was placed on the lower or west bank of the so-called ditch, forming a bank to catch said

water as it flowed down the road, and direct it into the river. For some distance above and east of this little ditch, gullies or ruts had been cut and worn in the ice by wagons and sleds. The depth of these ruts is variously estimated by the witnesses at from a few inches to a foot. The north rut is placed at from fifteen to twenty feet long, extending east from the little ditch or bank of sand, and the south rut, or wagon track nearest the river, being from three to eight feet long, and from two to three feet from the river. Water and slush were running down these ruts into the ditch and into the river. There is some conflict in the testimony whether the icy condition of the road extended from the south rut entirely to the north rut or track. South of the south rut the ice was formed slanting to the river. On the day in question said Bingham was driving a load of alfalfa in a basket rack upon a pair of bobsleds over said road, and west towards Ogden. Both Bingham and Brinker were riding at the time upon the upper side or north of the center of the load, which was loaded somewhat heavier on the left-hand or south side. Upon nearing the place in question, one of the horses shied at the water flowing down the mountain; and the driver stopped the team and made the north horse get in the north rut, and then proceeded very slowly. As the north front runner started to raise out of the gully or ditch the south front runner dropped into the gully or rut on the south, and the load capsized into the river, killing the boy, Brinker. There is a conflict in the evidence as to the position of the hind runners at the time the load tipped. The driver, a young man twenty-three years of age, testified that he drove so that the north runners were in the north rut or wagon track; but other witnesses, who examined the sleigh tracks shortly afterwards, say that the north hind runner was south of the north rut, and was sliding towards the river for a distance of about eight feet before tipping into the river. Appellant contends that the blowing of the wind against the hay was a contributing cause of the injury, but the evidence upon this point

is so slight that it is not necessary to further consider the point.

HART, District Judge (after stating the foregoing facts).—This being a law case, and there being competent evidence to sustain the verdict, this court will not examine the testimony to ascertain upon which side is the preponderance. Neither is the court authorized to review the evidence to determine whether, or not, the damages are excessive. This court has heretofore frequently held that under section 9, article 8, Constitution Utah, the Supreme Court is not authorized to review the facts in a case at law, except so far as may be necessary to determine questions of law. Anderson v. Min. Co., 15 Utah 22, 49 Pac. 126; Nelson v. So. Pac. Co., 15 Utah 328, 49 Pac. 644; Mangum v. Bullion, etc., Min. Co., 15 Utah 534, 50 Pac. 834; Whittaker v. Ferguson, 16 Utah 240, 51 Pac. 980; Murray v. Salt Lake City R. Co., 16 Utah 356, 52 Pac. 596; Wild v. Union Pac. R. Co., 23 Utah 265, 63 Pac. 886; Kennedy v. Railroad Co., 18 Utah 325, 54 Pac. 988; Croco v. Railroad Co., 18 Utah 311, 54 Pac. 985, 44 L. R. A. 285; Braegger v. Oregon Short Line R. Co., 24 Utah 391, 68 Pac. 140.

Appellant assigns error in the refusal of the court to give certain instructions requested, and the giving of other instructions; but as the record fails to show that exceptions were taken either to the refusal of requests or the giving of instructions, we cannot consider the merits of such instructions.

Defendant objected to a question on behalf of plaintiff as to the condition of the road at point in question a week or ten days prior to the accident. The purpose of this line of testimony was stated by plaintiff's counsel to be to show that the condition of the road was substantially the same for some days before the accident—as tending to show notice to defendant. The court overruled the objection, and an exception for defendant was noted; but, before the question was ans-

26 Utah 11

wered upon its merits, defendant's counsel said: "If your honor please, I am going to raise the objection once more; and I ask the privilege, if they don't connect this, that my motion to strike out will be granted." To which plaintiff's counsel replied: "I have no objection to it being renewed at that time, if we don't connect it, Judge." The court thereupon remarked: "Very well. That may be the understanding." Other testimony was introduced by plaintiff, tending to show that the road in question was in the same dangerous condition for several days prior to the injury, as a result of water flowing upon the road from defendant's pipe line. Irrespective of the question whether the defense did not waive its objection by failure to afterwards challenge the sufficiency of the proof as showing or tending to show that conditions remained the same for some days prior to the accident, we are of the opinion that such proof was admissible as showing time and opportunity to the defendant to discover and remedy the dangerous condition of the road.

Complaint is also made that testimony as to the condition of the road in question the day after the accident was permitted to remain in the record over the defendant's motion to strike out. In addition to the manner of raising the question by motion to strike out, instead of objection before the testimony was taken, there is evidence that these conditions were the same on the day of the accident as the day after.

Defendant excepts to the refusal of the court to permit it to show, after the leak in the pipe or conduit was discovered, what efforts were made to check the break and remedy it, the obstacles it had to meet, and also the difficulty of the original construction, and the skill required therefor. In this connection, it should be noted that the complaint does not directly charge negligence, but the wrong of causing large quantities of water to flow upon the public highway in question. Granting that there was no wrong or negligence in the original construction of the pipe or tunnel conduit, if

defendant chose to continue for weeks to run water down its pipe and permit it to escape upon the highway to the danger of the traveling public, it did so at its own hazard. It is not a question of the care and skill used in the original construction, but whether defendant permitted its water to flow upon the highway at such a season of the year when the natural and probable results would be the formation of. ice, and the creation of a dangerous condition to travelers.

Defendant also sought to show the condition of the canon road all the way up and down for ten days or two weeks prior to the accident and for a week afterwards. Upon plaintiff's objection, the court ruled that the testimony should be confined to the vicinity of the accident. The only issue in this respect was whether the condition of the ice at the place of the accident had been caused by water from defendant's pipe or from natural causes. Defendant was entitled to show, if he could, that the ice formed at the place of the accident was from rain or snow, and not from water from its pipe line. While greater latitude might have been extended properly to the defendant as to this line of inquiry, yet the scope of the examination as proposed by the defendant would seem to be unnecessarily broad, and we are unable to say that the defense was materially prejudiced by being confined to the vicinity of the accident. Of course, it must have been evident to the jury that there was a general condition of snow or ice upon the canon road, otherwise the sleigh would not have been in use; but, in order for the condition of any other part of the road to have been helpful in determining the question at issue, natural conditions, such as the grade of the road, and its position on the side of the mountain, with reference to sunshine and winds, would all have to be shown. We are unable to say that defendant was prevented from showing anything which would have materially assisted in proving the cause or causes of the condition of the road at the place in controversy.

Appellant also complains at not being allowed to show an arrangement between the county commissioners (who had control of the road) and the defendant in regard to the care of the road. The question on the point asked the county commissioner, which the court would not permit to be answered, is as follows: "Q. Was there any arrangement between you and the 'power people' in regard to the operation of the plant—the keeping of the water in the pipe—and that the county would take care of the water in the road?" The trial court correctly ruled that the county commissioners had no right to authorize the existence of a nuisance upon the highway to the detriment of any one else. It had already been shown in evidence what work had actually been done by the county at the place of the accident.

There are some other errors assigned by appellant, but we do not deem a particular discussion of them necessary, on account either of the insufficiency of the objection or exception, or the harmless nature of the testimony.

As we find no reversible error in the record, it is ordered that the judgment and verdict of the trial court be affirmed, with costs.

BASKIN, C. J., and BARTCH, J., concur.