## HOGGAN v. CAHOON.

### No. 1751.   Decided October 26, 1906 (87 Pac. 164).

1. APPEAL—QUESTIONS REVIEWABLE.—On appeal in a law case, where the evidence is conflicting, the only question the appellate court can consider and determine is whether there is any legal or competent evidence on which the judgment and verdict can rest.[1]

2. WITNESSES—DISCREPANCIES IN TESTIMONY—EXPLANATION. — Defendant, having testified that plaintiff was not his agent for the purpose of taking possession of certain chattels under a mortgage and that plaintiff had acted in his own behalf, and that defendant had no interest whatever in such chattels, was properly permitted to explain that testimony given on a former trial between parties to the effect that plaintiff had acted as such agent was given under representations of plaintiff's alleged attorney that as the mortgage was executed to defendant, although really for the benefit of plaintiff, and for convenience only, it was necessary to so testify, independently of whether such alleged attorney was in fact plaintiff's attorney or whether plaintiff was himself present when such representations were made or not.

APPEAL from District Court, Sanpete County; Ferdinand Erickson, Judge.

Action by James W. Hoggan against James C. Cahoon. From a judgment for defendant, plaintiff appeals.

AFFIRMED.

*L. Larsen* and *W. D. Livingston* for appellant.

*Jacob Johnson* for respondent.

FRICK, J.

This action was prosecuted by appellant against respondent to recover upon an alleged indemnity. The appellant in his complaint substantially alleges as follows:   That the re-

---

[1] Croco v. O. S. L. R. Co., 18 Utah 311, 54 Pac. 985, 44 L. R. A. 285; Kennedy v. R. Co., 18 Utah 325, 54 Pac. 988; Mangum v. Bullion, Beck, etc., Min. Co., 15 Utah 534, 50 Pac. 834; Anderson v. Min. Co., 15 Utah 22, 49 Pac. 126; Braegger v. O. S. L. R. Co., 24 Utah 391, 68 Pac. 140.

spondent constituted and appointed appellant agent for respondent to take possession of, and deliver to respondent, certain goods and chattels upon which respondent held a chattel mortgage. That appellant, as the agent of respondent, and at his request, went from Manti, Sanpete county, Utah, to Payson, Utah county, Utah, and, by virtue of said mortgage, took possession of certain goods and chattels specified in said mortgage as such agent for, and in behalf of, the respondent and took the same to Manti, the home of both appellant and respondent. That thereafter, at Manti, the respondent ratified and approved the taking of said chattels, and that appellant took possession of said chattels in good faith and in the belief that respondent had lawful right thereto. That thereafter, one S. S. Johnson commenced an action against appellant claiming title to said goods and chattels superior to the right and title of respondent, and in said action recovered judgment against appellant as for the conversion of said goods and chattels, in the sum of $300, and costs amounting to $13.90, all of which, by reason of said judgment, appellant was compelled to pay and did pay. That, in addition to the foregoing, appellant makes claim for attorney's fees and other costs and expenses expended by him in defense of said action, amounting to the sum of $109.95. That said respondent had due notice of said action and refused, and still refuses, to repay appellant the amounts aforesaid, except the sum of $183.50, leaving a balance due appellant from respondent in the sum of $240.35 for which amount he prayed judgment. To this complaint respondent answered by general denial and by setting up an affirmative defense wherein respondent, after setting forth in detail the history of the whole transaction in substance says: That one J. G. Stutts was, on the 6th day of January, 1898, indebted to respondent in the sum of $280; that on said date he executed and delivered to respondent a note for said amount and secured the same by giving him a chattel mortgage upon the goods and chattels referred to in plaintiff's complaint; that said note and mortgage became due on the 6th day of April, 1898, and that a new mortgage was then executed by said

Stutts due and payable in 90 days thereafter; that appellant and respondent on the said 6th day of April agreed to and did obtain said $280 from the bank at Manti, and gave their note therefor due in 90 days from said date; that said $280 so obtained was agreed to be and was paid to respondent as full payment of said claim against said Stutts and that appellant then and there took said mortgage to secure himself on said $280 note and that the appellant was to collect the same, and respondent had no further connection therewith; that said mortgage was taken in the name of respondent for convenience merely for the reason that the original mortgage was made to him, and for the purpose of cutting off intervening claims if any there might be; that said mortgage and the debt thereby secured belonged to appellant, and respondent then disclaimed, and had no further interest therein; that said appellant, in taking said mortgaged property, acted in his own behalf and for his own benefit. Wherefore respondent prayed judgment that appellant take nothing by this action. To this answer appellant interposed a demurrer, which was sustained in part and overruled as to other parts; whereupon an amended answer was filed containing substantially the facts above set forth. A trial to a jury was duly had upon the issues set forth above, which resulted in a verdict and judgment for respondent of no cause of action. Appellant, in due time, filed a notice of motion for a new trial setting forth the ordinary statutory grounds, which motion was overruled and, after settling his bill of exceptions, he prosecutes this appeal.

There are three assignments of error that we can consider, namely, (1) error in overruling the demurrer to the answer; (2) that the evidence is insufficient to justify the verdict and hence does not support the judgment; and (3) that the court erred in admitting certain evidence against appellant's objection, which is more fully specified hereafter.

The error assigned in respect to the overruling of the demurrer to the answer was not pressed by counsel for appellant in this court on the oral argument, and as, in our judgment, no error was committed by the lower court in that respect, we will not consider that matter further.

As to the error assigned that the evidence is insufficient to justify the verdict of the jury and, hence, does not support the judgment, we, after a careful perusal of all the evidence in the bill of exceptions, are convinced that the evidence justifies the one and, hence, supports the other. Moreover, the evidence is in sharp conflict and, hence, the only question, this being a law case, that this court can considered and determine is whether there is any legal or competent evidence upon which the judgment and verdict can rest. In other words, are they supported by any legal or competent evidence? If such be found to be the fact, then the matter passes beyond the authorized powers of this court for the reason that when there is any evidence of the character above stated the question ceases to be one of law merely, but enters the domain respecting the weight of the evidence, which domain this court is by both the Constitution and the statutes prohibited from entering. This has often been decided by this court, as is disclosed by numerous decisions, among which are the following: *Croco v. O. S. L. R. Co.,* 18 Utah 311, 54. Pac. 985, 44 L. R. A. 285; *Kennedy v. R. Co.,* 18 Utah 325, 54 Pac. 988; *Mangum v. Bullion, Beck, etc., Min. Co.,* 15 Utah 534, 50 Pac. 834; *Anderson v. Min. Co.,* 15 Utah 22, 49 Pac. 126; *Braegger v. O. S. L. R. Co.,* 24 Utah 391, 68 Pac. 140.

The only other error that we are permitted to consider is the one respecting the admission of certain evidence against appellant over his objection. The assignment of error upon this point is stated by him as follows: "Error in law occurring at the trial and excepted to by the plaintiff (appellant), to wit: The permission given defendant (respondent), to testify over plaintiff's (appellant's) objection to a conversation had between defendant (respondent) and one ———— out of the presence of plaintiff (appellant)." For reasons satisfactory to us we withhold the name of the person referred to, and such person will hereafter be referred to as Mr. Blank. By reference to the bill of exceptions it is disclosed that the alleged error arose under the following circumstances, viz.: When the respondent was upon the witness stand giving tes-

timony in his own behalf, appellant's counsel, for the purpose of impeachment, asked the witness, in substance, whether he had not, at another trial, at a time previous to the time at which the witness was then testifying in this case, testified to facts different from what he was then testifying. The matter enquired about was whether the witness had, at the previous trial, testified that the appellant, in going after and taking the chattels set forth in the complaint and answer in this action, had so taken them as an agent for and in behalf of respondent. The respondent in this case had testified in chief that appellant was not his agent for that or any purpose connected with the matters in controversy, and that appellant had acted for and on his own behalf in what he did in respect to said chattels, and that respondent had no interest whatever therein. The respondent admitted testifying in the former case, and stated that he did not remember the exact import of his testimony at said former trial, but admitted that, if it appeared from the record of the testimony of the former trial that he (respondent) testified that appellant acted as the agent of respondent in respect to the taking of said chattels, he would not deny that he so testified, but if he did so testify, it was for certain reasons that he desired to explain. Counsel for appellant refused the opportunity to make such explanation or give the reasons why he so testified. When counsel for appellant had concluded his examination of the witness, counsel for respondent, on redirect examination, propounded to him the following question: "Q. Mr. Cahoon, you stated that in reference to your testimony at Provo that some advantage was taken of you, and you wanted to explain in reference to that matter. You may now explain what you desired to say before?" To this the witness made the following statement: "A. When we went down he (appellant) took Mr. Blank along with him, and we got to talking the matter over . . . and Mr. Blank, says he: 'If this question is fetched up whether Mr. Hoggan is here as your agent or not,' says he, 'you will have to answer it as he was, because it is made in your name.' 'Well,' says I, 'he was not acting as my agent.' " At this point counsel for appellant objected to

the witness stating any conversation he may have had with Mr. Blank out of the presence of appellant. On being asked whether appellant was present at the time of the alleged conversation, the witness answered: "I think he was." It was then suggested that Mr. Blank, at the time of the alleged conversation, was acting as the attorney for appellant, and that the conversation was permissible on that account. The trial court then ruled that in order to make the conversation admissible, respondent must first show that Mr. Blank represented appellant as his attorney, or that appellant was present at the conversation. After considerable testimony as whether Mr. Blank was acting as the attorney for appellant at the time, and the court apparently being satisfied that Mr. Blank acted as such attorney, and that he represented appellant at that time, overruled the objection, and permitted respondent to testify further. Whereupon respondent explained fully the circumstances in relation to the apparent conflict in his testimony respecting what he testified to at the present and former trials. Among other things, he testified that Mr. Blank explained to him that if the matter of agency was brought up at the trial at Provo, then he (respondent) would be required to answer that the appellant acted as his (respondent's) agent in taking possession of the chattels taken under the mortgage set forth in the pleadings herein. That when respondent told Mr. Blank that that was not the fact, but that appellant acted for himself and on his own account, Mr. Blank said: "It don't make any difference, that's the way the law looks at it," Mr. Blank basing his statement upon the fact that the mortgage was made to read in favor of respondent. Respondent, while admitting this, contended, however, that while the mortgage was made to read in his name, it was so made for convenience only, and that it was in fact appellant's mortgage, and that in truth and in fact appellant did not act as respondent's agent.

It will be observed that the testimony was not offered, nor, indeed, could it be considered for the purpose of establishing a material or essential part of the issues in the case. It was

offered and admitted for the sole purpose of explaining the
conflict respecting the testimony of respondent arising out of
his testimony at the former trial when compared with his tes-
timony at this trial respecting the matter of appellant's
agency. It was not sought to bind the appellant by anything
Mr. Blank may have said to respondent, neither was it at all
material whether what Mr. Blank said was true or otherwise,
but it was both important and material for the jury to know
whether respondent had in fact knowingly and willfully tes-
tified to the same fact in different ways. It was proper for
appellant's counsel to show, if he could, that respondent took
a different position respecting a material fact in the present
trial to that assumed by him in the former one. It was just
as proper for respondent to explain why he made conflicting
statements and thus give the jury the benefit of the true con-
ditions that induced him to make them. Without the explana-
tion, respondent stood impeached; with it the jury could place
a correct estimate on the weight to be given to his testimony.
It was for the jury to say whether his explanation was rea-
sonable or otherwise, and whether they would believe his first
or his last statement. It is always competent for a witness, or
a party if he become a witness, to explain either real or ap-
parent discrepancies in his testimony so that the jury may be
possessed of the reasons that actuated him in making such
statements. The rules of evidence were established for the
purpose of eliciting the actual, not the apparent truth, and
with the view of promoting justice. The matter now under
consideration is not an exception to these rules and is elemen-
tary. (2 Elliott on Ev. [2nd Ed.], sec. 931. 1 Greenl. [16
Ed.], sec. 462; *Dole v. Wooldredge,* 142 Mass. 161-183, 7
N. E. 832.) The matters testified to by respondent, being
thus limited to an explanation of his motive in testifying dif-
ferently at the former trial, it was clearly proper, and this
independently of whether Mr. Blank was appellant's attorney
and represented him as such on the occasion, or whether ap-
pellant was himself present at the time or not. In this re-
gard the court seemed to demand more than the law re-
quired.

From the foregoing it is manifest that the lower court did not err in overruling appellant's objection. The judgment, therefore, should be, and accordingly is, affirmed. Appellant to pay the costs of this appeal. We concur: McCARTY, C. J. STRAUP, J.