MARTIN MURRAY ET AL., RESPONDENTS, *v.* SALT LAKE CITY RAILROAD COMPANY, APPELLANT.

1. *Appeal—Excessive Damages.*

The appellate court will not interfere with the judgment of the trial court on a question of excessive damages, unless there is no legitimate proof in the record to sustain the judgment.

2. *Evidence—Expert Testimony—Conclusions as to Facts.*

It is not competent for a witness to give an opinion on that which is subject to expert testimony, without having shown the witness to be an expert, nor to state a conclusion as to facts, from which, if detailed to the jury by a witness, the jury could draw their own inference.

3. *Id.—Res Gestœ—Comments of Bystanders.*

Evidence of what was said by a witness after the accident causing the injury complained of is not admissible, when not shown to be a part of the *res gestœ*; and anything which may have been said after the occurrence by mere bystanders is wholly immaterial and therefore inadmissible.

(No. 884.   Decided Feb. 11, 1898.)

Appeal from the Third district court, Salt Lake county. A. N. Cherry, *Judge.*

Action by Martin Murray and another against the Salt Lake City Railroad Company. Plaintiffs had judgment, and a motion for a new trial was denied. Defendant appeals. *Affirmed.*

*E. B. Critchlow,* for appellant.

*Krebs & Hoppaugh,* for respondents.

BARTCH, J.:

This action was brought to recover damages for personal injuries alleged to have been received by the plaintiff, Honora Murray, while a passenger on defendant's car, because of the negligent operation thereof. The jury returned a verdict for $500 in favor of the plaintiffs, who are husband and wife. Judgment was entered accordingly, and a motion for a new trial denied. Thereupon the defendant appealed.

The principal contention on behalf of the appellant is that "the court, upon appellant's motion for a new trial, should either have granted a new trial, or should have reduced the damages as excessive." By this proposition it is, in effect, conceded that the respondent is entitled to some damages, and the real substance of the contention is simply that the amount allowed by the verdict and judgment is excessive, under the evidence. The question of the amount of damages to be allowed in such a case is one of fact for the jury and the trial court to determine, and we cannot interfere with their judgment as to what sum shall be awarded, unless there is no legitimate proof in the record to sustain it. *Mangum* v. *Mining Co.*, 15 Utah 534. Whether or not, under all the evidence, the court ought to have granted a new trial, it cannot be successfully maintained that there is no legitimate proof in the record to support the verdict and judgment. Mrs. Murray, who is one of the plaintiffs, and the party alleged to be injured, testified, among other things, that she, in company with Mrs. Phelps, stepped on defendant's car, but, before she could get inside, the motorman started the car with a sudden jerk, which threw her back on the back part of the car; that something struck her as she fell back; that the shock was so sudden that she could not tell exactly where it struck her, but she was

struck in the small of the back; that she was pregnant at the time, and advanced from May 25 previous to September 12, 1894, when the accident happened; that prior to the accident she had good health; that after the accident she felt sick, was trembling all over, had pain in both sides of her abdomen down towards the groins, and a week afterwards had a hemorrhage; that thereafter she had two more hemorrhages, and was in poor health and sick from the time of the accident until the 12th of December following, when she gave premature birth to a child; that during all that time she was unable to perform her household duties, and felt as if she wanted to go to bed, but could not stay there, and was compelled to have a physician at the birth of the child. This testimony, in the main, was corroborated by other witnesses. The testimony of several physicians, expert witnesses, tended to show that her hemorrhages and miscarriage were results of the accident. It is also in evidence that, at the time of the occurrence, the motorman started the car without any signal from the conductor, although he was aware of the position of the passenger, and saw her when he applied the electricity, and immediately afterwards, when she staggered back. The motorman, having been called as a witness, testified that, on the occasion of the accident, he "put on two notches of electricity" in starting the car; that "the usual way to start the car is with one notch"; and that two notches would start it more suddenly than one. The evidence further tends to show that the motorman was impatient, because of the passengers consuming much time in getting on the car. There is also evidence showing expense incurred by the plaintiffs as a result of the injury. Without referring to the testimony further in detail, it is apparent that there is evidence in the record which supports the verdict, and therefore we

have no power to interfere with the judgment, even though, on the whole evidence, we might conclude that the amount of damages awarded was excessive.

It is also insisted for the appellant that the court erred in refusing to permit the witness Mrs. Phelps to answer the following question: "Did you observe any sudden jolt or jerk of the car which would be sufficient, in your judgment, to cause any trouble or distress to a woman who was three months and a half advanced?" The ruling of the court was correct. The question not only required the witness to give her opinion on what was a subject for expert testimony, without having shown her to be an expert, but also called for a conclusion as to facts from which, if detailed to the jury by the witness, the jury could draw their own inference.

It is further insisted that the court erred in not permitting the witness Needham to state what was said on the car by Mrs. Phelps, after the accident. Whatever may have been said by her on the car was not shown to have been a part of the *res gestæ*, and anything which may have been said after the occurrence by mere bystanders was wholly immaterial, and properly excluded. We find no reversible error in the record. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.