WALTER S. CORBETT, Respondent, v. THE OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

### No. 1376.    (71 Pac. 1065.)

**2. Railroads: Duty to Trespassers: Injuries to Children.**
Where an unfenced railroad track, bordered by habitations on each side, is quite generally used as a highway by the public, those in charge of passing engines are bound to use reasonable diligence to prevent injury to persons on the track.[1]

**1. Same: Contributory Negligence: Burden of Proof.**
The burden of proving contributory negligence rests on defendant, unless plaintiff's own testimony tends to prove such negligence.[2]

**3. Same: Care Required of Parent.**
A parent is only required to exercise ordinary care to prevent injury to his child.

**4. Same: Facts Held Not to Impute Negligence to Parent.**
Evidence in an action against a railroad company for the negligent death of a child examined, and *held* not to show any negligence imputable to the child's father.

**5. Same: Measure of Damages: Instruction: Harmless Error.**
While an instruction on the measure of damages, in an action by father for the negligent death of his child, to the effect that the jury should take into consideration the probability of the child's living to attain its majority, and the probable aid, assistance, society, and comfort it would have been able to give the father in the future, is open to criticism as assuming that the child would have done all it could, had it lived, yet where the court restricted the recovery to a "just compensation" for the injury sustained, and pecuniary compensation to the father for the loss he "may" have sustained, any error was harmless.

---

[1] Young v. Clark, 16 Utah 42; 50 Pac. 832.

[2] Riley v. Rapid Transit Co., 10 Utah 437; 37 Pac. 681; Reddon v. Railway Co., 5 Utah 344; 15 Pac. 262.

**6. Same: Services, Society and Comfort.**

In an action by a parent for the negligent death of his child, it was proper to authorize a recovery for the loss of services of the child, and its society and comfort; the court expressly excluding any recovery for sorrow, grief, or anguish to the parents, or pain and suffering to the child.[3]

**7. Same: Damages: Excessive.**

A judgment for damages for negligent death, supported by some legitimate and competent proof, will not be disturbed on appeal merely because it is excessive, as, under the Constitution, the determination of the amount of a verdict rests entirely with the trial court and jury.[4]

(Decided March 31, 1903.)

Appeal from the Fifth District Court, Juab County.—*Hon. Thomas Marioneaux,* Judge.

Action to recover for the negligent killing of the plaintiff's infant daughter at Mammoth in Juab county. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*P. L. Williams, Esq., Geo. H. Smith, Esq.,* and *J. W. N. Whitecotton, Esq.,* for appellant.

Contributory negligence was not pleaded in the answer as a special defense. The appellant submits that the rule established by this court in Bunnell v. Railway Co., 13 Utah 314, and Clark v. Railroad Co., 20 Utah 401, and by the general law is, that if it appear from the plaintiff's own testimony, that he was guilty of negligence which contributed

---

[3] Pool v. R. Co., 7 Utah 303; 26 Pac. 654; Hyde v. R. Co., 7 Utah 356; 26 Pac. 979; Wells v. R. Co., 7 Utah 482; 27 Pac. 688; Chilton v. R. Co., 8 Utah 48; 29 Pac. 963.

[4] Murray v. Salt Lake City R. Co., 16 Utah 356; 52 Pac. 596; Braegger v. O. S. L. R. Co., 24 Utah 391; 68 Pac. 140, and cases cited.

proximately to the injury it is unnecessary that it be pleaded specially, and when it so appears, such negligence will defeat the plaintiff's right to recover.

The following cases, mainly actions for the death of children though not presenting uniform views upon the subject, are instructive, and clearly indicate that the modified verdict in this case is still larger than would be sanctioned by the courts generally. Potter v. Railroad Co., 22 Wis. 619, and cases; Oldfield v. Railroad Co., 3 E. D. Smith, 105; O'Mara v. Railroad Co., 38 N. Y. 445; Ihl v. Railroad Co., 47 N. Y. 320; McIntyre v. Railroad Co., 37 N. Y. 293; 5 Am. and Eng. Ency. Law, 129; Chicago v. Major, 18 Ill. 350; Quin v. Moore, 15 N. Y. 433; McMahon v. Mayor, etc., 33 N. Y. 644; Railroad Co. v. Barker, 33 Ark. 363, and cases; Railroad Co. v. Brown, 26 Kan. 459-561; Parsons v. Railroad Co., 94 Mo. 286-300; Hurt v. Railway Co., 94 Mo. 265.

*Messrs. Powers, Straup & Lippman* for respondent.

### STATEMENT OF FACTS.

Plaintiff brought this action to recover for the negligent killing of his infant daughter on the 21st of March, 1901, at Mammoth or Robinson, in Juab county. On that day the defendant was operating backwards, at the rate of from twelve to twenty-five miles per hour, what is known as a "Shay engine," which could have been stopped in a shorter distance than a common engine. It was an almost straight track, and there was an unobstructed view of the child on the track from the station near which the engine and tender started to the point of the killing, a distance of from 1,000 to 1,500 feet. There were three men and one woman upon the engine at the time; the men all standing in the gangway, and no one on the lookout on top of the tender. No signal was given

after starting, although a street crossing intervened a distance of from fifty to seventy-five feet from the place where the child was struck. From the station to the place of injury, houses are thickly built on each side of the track, which is unfenced, and quite commonly used as a highway by people and children in walking up and down. Plaintiff resided between Silver City and Mammoth, and on said day came into the latter town on some little business, bringing his wife and three children; one being four years old, the deceased two years and three months old, and a baby three months old. The three children were left in charge of a Mrs. Harris, sister-in-law to plaintiff, at her house, which was 450 to 550 feet from the place of the accident. The three months old baby was sleeping when plaintiff and his wife left the home of Mrs. Harris to transact their business, and twenty or thirty minutes thereafter the injury and death occurred. There is no evidence as to what care or attention Mrs. Harris paid to the children, nor how the deceased, with two or three other small children, came to be upon the track. It was a clear day, and between four and five o'clock p. m., when the child was run over. Upon the trial the jury returned a verdict of $15,100, which upon a motion for new trial was reduced by the court to $6,100, which reduction was acquiesced in by plaintiff in preference to submitting to a new trial. Defendant offered no evidence upon the trial, and conceded in its argument to the jury that the men in charge of the engine were negligent.

HART, District Judge, after stating the facts, rendered the opinion of the court.

Defendant excepts to the refusal of the court to give its request to instruct as follows: "I charge you that in this case, even though you find from the evidence that the defendant was negligent in the operation of the engine which caused the injury, and you further find that the parents, or

either of them, of the deceased child, were also guilty of negligence in permitting it to go unattended upon the railroad track, and that such negligence on the part of the parents, or either of them, contributed to bringing about the injury complained of, the plaintiff can not recover, and your verdict should be for the defendant, unless you further find from the evidence that notwithstanding such negligence of the parents, or either of them, the defendant's servants, by exercise of ordinary care, might have avoided the accident after in fact discovering the child's peril." It was not error to refuse this request for the reasons: (1) There was no evidence of contributory negligence of the parents, or either of them, and in this State the burden does not rest upon the plaintiff to show his freedom from negligence, but upon defendant to prove contributory negligence, unless the plaintiff's testimony tends to so prove it. (2) That it does not correctly state the law as applied to the facts of this case, in that it assumes that the defendant was under no obligation to anticipate persons being upon the track at this point. With an unfenced track bordered by habitations on each side, and used quite generally as a highway for both grown people and children, surely some diligence was required by defendant, other than "after in fact discovering the child's peril." In the case of Young v. Clark, 16 Utah 42, 49, 50; 50 Pac. 832, this court held: "Where the public in considerable numbers have been accustomed for a great length of time to use a bridge or railroad track as a footpath in populous cities or thickly-settled communities, without molestation or objection from the company, and by reason of such general custom the presence of people upon such track or bridge is probable, or might reasonably be anticipated, those in control of passing trains are bound to use reasonable diligence and precaution to prevent injury to those who might be thereon, even though they were trespassers." The instruction asked by the defendant ignored entirely the question

whether the use of the track for foot passengers was not such as to render it probable, or reasonably to be expected, that people would be upon the track at this point. In addition to the authorities cited in the above-mentioned case, the following may be referred to: Gunn v. Ohio R. R. Co., 42 W. Va. 676, 26 S. E. 546, 36 L. R. A. 575; Felton v. Aubrey, 20 C. C. A. 436, 74 Fed. 350; Garner v. Trumbull, 36 C. C. A. 361, 94 Fed. 321.

Appellant also complains of the refusal of the court to give its request to charge as follows: "It is the duty of a parent to take such care of his young child as will shield and protect it from danger, and keep it from dangerous places and out of harm's way. The care and diligence to be employed in the performance of this duty increase according to the circumstances, and with reference to the perils the child may become exposed to, and the means employed to protect the child must be in proportion to dangers. More care is required of a parent in protecting a child of tender years than is necessary in reference to a child of such age and experience as to be able to take care of itself. And the court further charges you that if a parent trusts the care of his child to some other person, and such person fails to exercise the proper degree of care to protect the child from danger, and as a result of such carelessness the child is injured, the parent can not recover, as the negligence of the custodian of the child would be imputed to the parent." This request was also rightly refused. It makes the parent the insurer of the safety of his child, although the law requires only the exercise of ordinary care to prevent injury. Again, there is no evidence showing or tending to show how the child came upon the track, nor what care was bestowed upon the child by the person with whom it was intrusted. "The burden of showing contributory negligence is upon the defendant, unless the testimony of the plaintiff shows it." Riley v. Rapid Transit Co., 10 Utah 437, 37 Pac. 681, citing Reddon

v. Railroad Co., 5 Utah 344, 15 Pac. 262.    See, also, Decker v. McSorley (Wis.), 86 N. W. 554.

Reaching the view that there is no evidence in the record of contributory negligence to be imputed to the plaintiff, appellant's exception to the last part of paragraph 5 of the court's charge, which ignores the question of negligence by the plaintiff, is likewise disposed of.

Another question is whether the court erred in giving the following part of its charge on the measure of damages: "In determining the value of said services, you are to take into consideration all the circumstances of the case, such as the age of the child, and its physical and mental state, the probability that it would have lived to reach its majority, and the probable aid, assistance, society, and comfort it would have been able to give to the father in future years." Complaint is made that this language "assumes, as a settled fact, that the child would have done all it might have been able to do, had it lived." While this part of the instruction is, to some extent, open to criticism, yet, when read in connection with other parts of this same instruction, we do not think it probable that the jury was misled. For instance, the court restricted the recovery to a "just compensation" for the pecuniary loss thereby sustained, and "pecuniary compensation to the father for the loss which he may have sustained." Neither was it error to authorize a recovery for the pecuniary loss sustained for the loss of services of the child, including society and comfort; the instruction expressly excluding any recovery for sorrow, grief, or anguish the parents, or either of them, may have sustained, or any pain or suffering that may have resulted to the child. Pool v. Ry. Co., 7 Utah 303, 26 Pac. 654; Hyde v. Ry. Co., 7 Utah 356, 26 Pac. 979; Wells v. Ry. Co., 7 Utah 482, 27 Pac. 688; Chilton v. Ry. Co., 8 Utah 48, 29 Pac. 963; Munro v. Pac. Coast Dredging & R. Co., 84 Cal. 515, 24 Pac. 303, 18 Am. St. Rep. 248; Lange v. Schoettler, 115 Cal. 391, 47 Pac. 139;

Green v. Ry. Co. (Cal.), 67 Pac. 4; Denver Consol. Tramway Co. v. Riley (Colo. App.), 59 Pac. 476; Florida Cent. & P. R. Co. v. Foxworth (Fla.), 25 South. 338, 79 Am. St. Rep. 149.

The only remaining question is whether the verdict, as reduced by the trial court, is excessive. Under the Constitution of this State, according to the established construction of the court, the amount of the verdict is a matter entirely with the trial court and jury, where the same is supported by some legitimate and competent proof. Murray v. Salt Lake City R. R. Co., 16 Utah 356, 52 Pac. 596; Braegger v. O. S. L. R. Co., 24 Utah 391, 68 Pac. 140, and cases there cited.

The decision of the trial court is affirmed, with costs.

BASKIN, C. J., and BARTCH, J., concur.