## GRABENC v. UNION PAC. R. CO.
### No. 860.

Circuit Court of Appeals, Tenth Circuit.
Nov. 27, 1933.

Otto Friedrichs, of Denver, Colo. (Harold F. Mudge, of Denver, Colo., on the brief), for appellant.

Edward G. Knowles, of Denver, Colo. (C. A. Magaw, of Omaha, Neb., and Clayton C. Dorsey, of Denver, Colo., on the brief), for appellee.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

The plaintiff below appeals from an order sustaining a demurrer to a second amended complaint sounding in damages for the wrongful death of an eleven year old boy. The first six paragraphs may be passed by, for even if there was negligence in tolerating the dangerous situation alleged to exist—which we do not intimate—there was no causal connection between that negligence and the death. The boy was not struck by a car or projection therefrom while standing by the tracks; his death resulted because he left the pathway by the side of the tracks and climbed between two cars of a freight train which stopped in his path.

The seventh paragraph, which was added as an amendment after demurrers had been successfully interposed to the first and second petitions, alleges:

"During the switching operations said train was caused to stop across the path which said children were following, and at that time said Bancroft and the other member of the switching crew whose name is unknown to plaintiff, were approximately seventy-five feet from said children, on top of said freight car as aforesaid, in a position where they could converse with said children; that they were then and there watching said children and the children were watching them, and they were in full view of each other; that thereupon, with the knowledge of said members of said switching crew and while they were watching said children, the children proceeded to walk to the nearest opening between two of the freight cars of the train, which was approximately twenty feet from where said children had been waiting, and upon reaching said opening, the children proceeded to pass between said freight cars of the train in order to cross over onto the other side of the train and thus continue on their way home; that during all the time said children were so walking to the opening between said freight cars as aforesaid, and while they were attempting to pass between said cars, they were seen and watched by members of the switching crew and particularly by the two members riding on top of the freight car above mentioned; that no member of said switching crew made any objection of any kind to said children, but they negligently permitted said children to attempt to pass between said freight cars; that while Edward was so passing between said freight cars with the full knowledge of said switching crew as aforesaid, the said switching crew of defendant corporation in charge of the running, conducting, and managing of said locomotive and train of cars, so negligently conducted and managed the same that said locomotive and train of cars were caused to jerk before Edward had completely passed through the train, and he was thereupon struck and thrown to the ground, whereupon the wheels of one or more of the freight cars of said train were further negligently caused by said switching crew to pass over Edward's right leg, severing it at the hip; that Edward died shortly thereafter as a result of these injuries."

This paragraph states a cause of action. It alleges that the switching crew in charge of the operation of the train, after discovery of the boy's perilous position between the cars, so managed the train as to cause it to jerk and kill the boy. While it is scarcely conceivable that any man would be so wanton as to signal a train to start when he knew boys were clambering between the cars, the allegation is there and we cannot disregard it.[1] The appellee fairly concedes that such an act after the peril of the boy was actually discovered, would be actionable negligence. Its answer is that the allegation is a conclusion. We do not agree. Apparently it was an afterthought; it may not be true; but it is not a conclusion.

The order is reversed with directions to overrule the demurrer.

Reversed.

---

[1] Since the complaint avers that the perilous position of the boys between the cars was actually discovered by the employees of the defendant before the signal to start the train was given, we have no present concern with those cases which hold that, by reason of the permissive use of a right of way, employees should anticipate the presence of pedestrians and exercise due care for their protection. Southern Ry. Co. v. Cochran (C. C. A. 5) 29 F.(2d) 206; Erie R. Co. v. Kazanecki (C. C. A. 3) 10 F.(2d) 337; Oregon-Washington R. & Nav. Co. v. Roman (C. C. A. 9) 293 F. 666; Garner v. Trumbull (C. C. A. 8) 94 F. 321; Anderson v. Great Northern Ry. Co., 15 Idaho, 513, 99 P. 91; Missouri, K. & T. Ry. Co. v. Wolf, 76 Okl. 195, 184 P. 765; Corbett v. Oregon Short Line R. Co., 25 Utah, 449, 71 P. 1065. The settled rule is that where the peril of even a trespasser is discovered, due care must be taken to avoid injury to him. Leach v. St. Louis-San Francisco Ry. Co. (C. C. A. 6) 48 F.(2d) 722; Salt Lake & U. R. Co. v. Trumbull (C. C. A. 8) 246 F. 806; Robbins v. Pennsylvania Co. (C. C. A. 6) 245 F. 435, 441; Walsh v. Pittsburg Railways Co., 221 Pa. 463, 70 A. 826, 32 L. R. A. (N. S.) 576 and note; Catlett v. Colorado & Southern Ry. Co., 56 Colo. 463, 139 P. 14. What constitutes due care depends upon the circumstances, it being obvious that a greater degree of vigilance often is required when children are on the right of way or about the cars than would be necessary in the case of adults.